IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD GREENLEE,

    Plaintiff,

vs.          Case No. 11-2204-SAC

SOCIAL SECURITY ADMINISTRATION,
et al.,

    Defendants.

MEMORANDUM AND ORDER

On April 11, 2011, plaintiff filed a complaint against the Social Security Administration and other unnamed defendants (Doc. 1). Plaintiff also filed a motion to proceed *in forma pauperis* (Doc. 3), and a motion to appoint counsel (Doc. 4).

Plaintiff's statement of claim is as follows:

> Discrimination By Technician watching & Guard, counter to office workers for my payee rights as a Disabled person Being mental & physically Abuse and Able To Take care of my own finances as of legal mind of Health & Welfare.

(Doc. 1 at 3-4). Plaintiff seeks to become his own payee and to recover money damages (Doc. 1 at 4). Plaintiff goes on to state that this cause, or a substantially equivalent complaint, was previously filed in the court, and that his claims had also been presented to the postal service, the military and a city (Doc. 1 at 5).

1

Plaintiff has filed 13 prior cases in this court:

1. Greenlee v. U.S. Postal Service, 93-2066-KHV

2. Greenlee v. U.S. Postal Service, et al., 95-2525-JWL

3. Greenlee v. U.S. Postal Service, 04-2570-MLB

4. Greenlee v. U.S. Postal Service, 05-2509-JWL

5. Greenlee v. U.S. Postal Service, 06-2167-CM

6. Greenlee v. U.S. Postal Service, 08-2479-CM

7. Greenlee v. Delmar Gardens of Overland Park, et al., 08-2396-GLR

8. Greenlee v. Village Shalom, Inc., 08-2402-EFM

9. Greenlee v. Bonner Springs Nursing and Rehabilitation, et al. 09-2105-JAR

10. Greenlee v. United States District Court, et al., 09-2243-FJG

11. Greenlee v. United States Marines, et al., 10-2036-CM

12. Greenlee v. United States District Court for the District of Missouri, et al., 10-2039-CM

13. Greenlee v. McDerrmott, et al., 10-2525-JTM

In all of the above cases, the complaints were dismissed by the court. These cases were dismissed because of plaintiff's failure to state a claim, failure to prosecute, or failure to obey an order of the court.

In Greenlee v. U.S. Postal Serv., Case No. 06-2167, Judge Murgia issued an Order imposing the following restrictions:

> Plaintiff is prohibited from filing another
> case in this district against this defendant,
> unless he is represented by counsel or,
> if he proceeds pro se unless he provides a
> notarized affidavit that verifies with

> particularity that the new action is
> commenced on grounds that are distinguishable
> from those previously dismissed. Any proposed
> complaint against defendant must list all
> previous actions against defendant and
> provide notice of this filing restriction.
> Upon compliance with these requirements, the
> court will review the complaint and determine
> whether it should be accepted for filing.

<u>Greenlee v. U.S. Postal Serv</u>., No. 06-2167-CM, 2007 WL 141016, at *6 (D. Kan. Jan. 17, 2007). The filing restrictions imposed on plaintiff were affirmed by the Tenth Circuit. <u>Greenlee v. U.S. Postal Service</u>, 247 Fed. Appx. 953, 954 n. 3 (10th Cir. 2007)(finding, "given the frequency, redundancy, heft, and sheer implausibility of Greenlee's complaints, these modest restrictions are more than appropriate to protect the limited resources of the district court as well our own.").

In the case of <u>Greenlee v. United States District Court for the District of Kansas, et al.</u>, Case No. 10-2039-CM, the court stated:

> Pursuant to 28 U.S.C. § 1915(e)(2)(B), the
> court may dismiss sua sponte an *in forma
> pauperis* action as frivolous or as failing to
> state a claim upon which relief may be
> granted. <u>Whitney v. New Mexico</u>, 113 F.3d
> 1170, 1172–73 (10th Cir. 1997). Such
> dismissal is warranted "if the plaintiff
> cannot make a rational argument on the law
> and facts," *id*. at 1172 (citations and
> quotations omitted), or if it is "patently
> obvious" that the plaintiff cannot prevail on
> the facts alleged and that amendment would be
> futile, *id*. at 1173 (citations and quotations
> omitted).
>
> The court may find that a claim is frivolous

when "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992). But the court may not dismiss a complaint merely because the allegations are unlikely or improbable. *Id*. Generally, a complaint is legally frivolous if it rests on an "indisputably meritless legal theory" such as an "infringement of a legal interest which clearly does not exist." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

The court is mindful of the fact that plaintiff is proceeding pro se. Because of plaintiff's status, the court affords him some leniency in construing his complaint. Asselin v. Shawnee Mission Med. Ctr., Inc., 894 F. Supp. 1479, 1484 (D. Kan. 1995) (citation omitted). The court may not, however, assume the role of advocate for plaintiff simply because he is proceeding pro se. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (citations omitted). Nor should the court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney, 113 F.3d at 1173–74 (citation omitted).

The court cannot find a viable claim in plaintiff's complaint. See Sanner v. United States, 979 F. Supp. 1327, 1328 (D. Kan. 1997). Plaintiff's complaint consists of a compilation of unintelligible and disjointed thoughts. See Triplett v. Triplett, No. Civ-A. 04-2223-CM, 2005 WL 2122802, at *1–2 (D. Kan. Aug. 8, 2005); Stanfield v. Whistler, No. 01-4030-JAR, 2002 WL 975894, at *1 (D. Kan. Feb. 25, 2002) (citation omitted); Moll v. Sweaver, No. 97-4183-SAC, 1997 WL 823573, at *1 (D. Kan. Nov. 18,

4

> 1997). The court finds that there is no
> logical construction of plaintiff's complaint
> from which to divine any cognizable claim.
> The court believes that any attempt to remedy
> the complaint would be futile.

Greenlee v. United States District Court for the District of Kansas, et al., Case No. 10-2039-CM (Doc. 7 at 2-3); Richard H. Greenlee v. United States Marines, et al., Case No. 10-2036-CM (Doc. 17 at 2-3)(same findings).

After a review of plaintiff's proposed complaint as well as plaintiff's filing history, it is clear that plaintiff's case is frivolous and fails to state a claim on which relief can be granted within the meaning of 28 U.S.C. § 1915(e)(2)(B).

Plaintiff also filed motions to proceed *in forma pauperis* and for appointment of counsel. Because plaintiff's complaint fails to state a claim, these motions will also be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Doc. 3) is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Doc. 4) is denied.

**IT IS FURTHER ORDERED** that plaintiff's complaint (Doc. 1) is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

Copies of this order shall be mailed to the defendant via regular and certified mail.

Dated this 19th day of April 2011, Topeka, Kansas.

        s/ Sam A. Crow
        Sam A. Crow, U.S. District Senior Judge